TRUEMAN FERTILIZER COMPANY v. ACME FRUIT COMPANY, *et al.*

196 So. 451
Division B
Opinion Filed May 14, 1940
Rehearing Denied May 31, 1940

*Carroll Dunscombe,* for Appellant;

*Russell Snow* and *Lloyd Campbell,* for Appellees.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and decreed by the Court that the said decree of the circuit court be, and the same is, hereby affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

BUFORD, J.—In petition for rehearing the appellant complains that it has not been advised by the opinion of this Court of the reasons why its several times amended bill of complaint was properly dismissed on motion in the lower court. The lower court dismissed the bill of complaint and stated in an order made in connection therewith that the bill of complaint was dismissed on grounds 1, 2, 3, 4, 7, 9, 10, 11, 14 and 16 as set forth in the motion to dismiss the bill of complaint.

We deem it unnecessary to set out *in haec verba* those several grounds of the motion to dismiss. It is sufficient to say that we have considered the record in the light of briefs filed

and our conclusion is that each of the stated grounds of the motion to dismiss was sufficient to sustain the order of dismissal.

Aside from this, the appointment of a Receiver is always a matter within the sound discretion of the Circuit Court. The bill of complaint in this case sought only the appointment of a receiver and the allegations of the bill are not sufficient to demonstrate the necessity for the appointment of such receiver, or to show that any good purpose could be served thereby.

The allegations of the bill of complaint show affirmatively that necessary parties in interest were not made parties to the suit and the allegations of fact were insufficient to show the necessity of the appointment of a receiver, even if all interested parties had been before the court.

Rehearing denied.

TERRELL, C. J., WHITFIELD, BROWN and CHAPMAN, J. J., concur.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.